Palwinder SINGH, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 03–72707.

Agency No. A77–382–131.

United States Court of Appeals, Ninth Circuit.

Submitted April 7, 2004.*

Decided July 22, 2004.

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Earle A. Sylva, Esq., George T. Heridis, Esq., Rai Law & Associates, PC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Linda S. Wernery, Esq., William K. Olivier, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, D.C., for Respondent.

Before SKOPIL, FARRIS, and LEAVY, Circuit Judges.

### MEMORANDUM **

Palwinder Singh, a native and citizen of India, petitions for review of the decision

---

** This disposition is not appropriate for publication and may not be cited to or by the

of the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ) denial of his requests for asylum, withholding of removal, and protection under Article 3 of the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the BIA's determination that Singh was not credible, *see Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003), and we grant the petition for review.

■ The BIA offered four reasons for not finding Singh credible, none of which is a valid basis for such a determination. Any contradiction between Singh's oral and written testimony that he was a "supporter" of the All India Sikh Students Federation (AISSF), and affidavits he submitted which state that he was a "member" of AISSF is a "minor error" which cannot be viewed as an attempt to enhance Singh's claims of persecution. *Wang v. Ashcroft,* 341 F.3d 1015, 1021–22 (9th Cir. 2003). Status as either a "supporter" or a "member" is consistent with Singh's assertion that he was jailed and beaten because of his affiliation with AISSF.

■ The BIA questioned the plausibility of Singh's testimony regarding the circumstances of how his family obtained his brother's death certificate, the certificate's authenticity, and why it did not contain a cause of death. Singh testified that a person from his village who had responsibility for registering deaths in the village came to the family home after his brother's death to inquire about the date of his death. He stated that his father obtained the death certificate from the office in Jallandar where births and deaths are recorded. Thus, Singh adequately explained how the certificate was obtained. Moreover, the death certificate explicitly states that it is issued under a provision that

does not allow specification of the cause of death.

The BIA also based its adverse credibility determination on its belief that the AISSF would have responded to Singh's brother's death with demonstrations or other forms of protest. This conclusion reflects the BIA's unsupported assumptions and speculations, which may not be the basis of an adverse credibility finding. *See Shah v. INS,* 220 F.3d 1062, 1067 (9th Cir.2000).

■ The BIA's finding that Singh "lacked knowledge" about the AISSF is an incorrect characterization of the record and cannot serve as a basis for an adverse credibility finding. *See Paramasamy v. INS,* 295 F.3d 1047, 1052 (9th Cir. 2002);*Singh v. Ashcroft,* 301 F.3d 1109, 1111 (9th Cir.2002)("Inconsistencies in the petitioner's statements must go the heart of [his] asylum claim to justify an adverse credibility finding."). Singh testified accurately about AISSF's goals and the group's recent history. The "heart" of Singh's claim is that he became a supporter of AISSF because he believed in equal rights for Sikhs and was subsequently persecuted based on his affiliation. Nothing in the record suggests that Singh's uncertainly whether AISSF fielded candidates in elections or incomplete knowledge of the group's factions is relevant to his description of his arrests, jailings, and beatings by the Indian police during and after AISSF activities.

In sum, a reasonable adjudicator would be compelled to conclude that the factual findings underlying the BIA's adverse credibility determination were not supported by substantial evidence. *See Singh v. Ashcroft,* 340 F.3d 802, 806 (9th Cir. 2003). Because the BIA denied the asylum application solely on an adverse credi-

bility finding, we remand this matter to the BIA for further proceedings to determine whether, accepting Singh's testimony as credibly, he is eligible for asylum, withholding of removal, and protection under CAT. *See INS v. Ventura*, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

PETITION FOR REVIEW GRANTED; REMANDED.

Jagdip Singh Sekhon, Scott A. Mossman, Sekhon & Sekhon, PLC, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Patricia A. Smith, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36-3.